**UNITED STATES DISTRICT COURT** **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| TCS CONSULTING, INC. and MICHAEL DEPEW, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 1:25-CV-442 |
| | § | |
| RELADYNE, LLC, SUN COAST RESOURCES, LLC, AARON SCHEFFLER, MANNI ARAGON, JASON HANKE, and ADAM STARR, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Pending before the court is TCS Consulting, Inc. ("TCS") and Michael Depew's ("Depew") (collectively, "Plaintiffs") Corrected Motion to Remand (#9), wherein Plaintiffs ask the court to remand this case to the 136th Judicial District Court of Jefferson County, Texas. Defendants Sun Coast Resources, LLC ("Sun Coast"), RelaDyne LLC ("RelaDyne"), Aaron Scheffler ("Scheffler"), Manni Aragon ("Aragon"), Jason Hanke ("Hanke"), and Adam Starr ("Starr") (collectively, "Defendants") filed a Response in Opposition (#10). Having considered the pending motion, the submissions of the parties, the record, and the applicable law, the court is of the opinion that Plaintiffs' motion to remand should be DENIED.

I. <u>Background</u>

On July 31, 2025, Plaintiffs filed their Original Petition (#4) in the 136th Judicial District Court of Jefferson County, Texas. Plaintiffs' claims arise out of a contractual agreement between Sun Coast, RelaDyne, and TCS. Specifically, in May 2024, the parties entered an agreement

whereby TCS agreed to provide professional investigatory and accident reconstruction services to RelaDyne and Sun Coast. Prior to commencing work, Plaintiffs and representatives of RelaDyne and Sun Coast, including Aragon and Starr, met virtually to agree on the scope of work and services to be provided. According to Plaintiffs, at some point, Defendants assured Plaintiffs that they would be properly reimbursed and paid at their usual rate. TCS alleges that it completed the work agreed upon and submitted its invoice to Defendants. According to Plaintiffs, they have made repeated requests for compensation, all of which have been disregarded by Defendants. Depew claims that TCS has not been paid despite having completed the work agreed upon by both parties. In their Original Petition, Plaintiffs assert claims for breach of contract, tortious interference, fraud, malice, quantum meruit, and sworn account, as well as claims under the Texas Deceptive Trade Practices—Consumer Protection Act and the Texas Theft Liability Act.

On September 2, 2025, Defendants filed a Notice of Removal (#1), removing the case to this court on the basis of diversity jurisdiction. RelaDyne and Sun Coast allege that complete diversity exists among the real parties in interest and that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Nevertheless, Defendants Scheffler, Aragon, Hanke, and Starr (collectively, the "Individual Defendants"), as well as both Plaintiffs, are citizens of the State of Texas. Despite the lack of diversity between Plaintiffs and the Individual Defendants, RelaDyne and Sun Coast assert that diversity jurisdiction exists because Plaintiffs fraudulently joined the Individual Defendants for purposes of defeating diversity. Thus, Sun Coast and RelaDyne maintain that the Individual Defendants should be dismissed as parties to this action and their citizenship disregarded for jurisdictional purposes. On November 2, 2025, Plaintiffs filed

a motion to remand the case to state court, asserting that the court lacks diversity jurisdiction because the Individual Defendants are properly joined.[1]

II. Analysis

A. Removal Jurisdiction

"Federal courts . . . are courts of limited jurisdiction." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437 (2019); *accord Gunn v. Minton*, 568 U.S. 251, 256 (2013); *Washington v. Cain*, No. 25-60109, 2026 WL 906728, at *2 (5th Cir. Apr. 2, 2026); *Kewayfati v. Bondi*, 165 F.4th 342, 346 (5th Cir. 2026). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen*, 511 U.S. at 377; *accord Royal Canin U.S.A., Inc.*, 604 U.S. at 26. The court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Gonzalez v. Limon*, 926 F.3d at 186, 188 (5th Cir. 2019) (quoting *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001)); *accord Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010); *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017). In an action that has been removed

[1] Plaintiffs also allege remand is proper because Sun Coast, as a Texas limited liability company, is purportedly a citizen of Texas. While a corporation is deemed to be a citizen of the state in which it is incorporated and of the state in which it maintains its principal place of business, the citizenship of a limited liability company (LLC) is determined by the citizenship of all of its members. *Acadian Diagnostic Lab'ys, L.L.C. v. Quality Toxicology, L.L.C.*, 965 F.3d 404, 408 n.1 (5th Cir. 2020) ("[T]he citizenship of a[n] LLC is determined by the citizenship of all of its members." (quoting *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008))). RelaDyne, LLC, is the sole member of Sun Coast Resources, LLC. In turn, RelaDyne, Inc. is the sole member of RelaDyne, LLC, and it is incorporated in Delaware and maintains its principal place of business in Ohio. *See Cadence Bank v. Johnson*, 160 F.4th 197, 202 (5th Cir. 2025); *Harvey*, 542 F.3d at 1080. Hence, RelaDyne, LLC, and Sun Coast Resources, LLC, are both citizens of Delaware and Ohio. Thus, Plaintiffs' assertion that Sun Coast is a citizen of Texas is incorrect.

to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Royal Canin U.S.A., Inc.*, 604 U.S. at 38; *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 638 (2009); *Atkins v. CB&I, L.L.C.*, 991 F.3d 667, 669 n.1 (5th Cir. 2021); *Green Valley Special Util. Dist. v. City of Schertz*, 969 F.3d 460, 468 (5th Cir. 2020).

When considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Barker v. Hercules Offshore Inc.*, 713 F.3d 208, 212 (5th Cir. 2013) (quoting *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)); *accord Mitchell v. Bailey*, 982 F.3d 937, 940 (5th Cir. 2020); *Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 611 (5th Cir. 2018); *see* 13E CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3602.1 (3d ed. 2013). "This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute." *Ledet v. Bd. of Tr. of Transit Mgmt. of Se. Ret. Income Plan*, No. 22-3697, 2022 WL 17581716, at *1 (E.D. La. Dec. 12, 2022) (quoting *Roth v. Kiewit Offshore Servs., Ltd.*, 625 F. Supp. 2d 376, 382 (S.D. Tex. 2008)); *accord Leboeuf v. Hatle*, No. 20-105, 2020 WL 1074952, at *1 (E.D. La. Mar. 6, 2020); *Hernandez v. State Farm Lloyds*, No. DR-16-CV-164-AM/CW, 2017 WL 8131570, at *2 (W.D. Tex. Sept. 19, 2017).

"The removal statute ties the propriety of removal to the original jurisdiction of the federal district courts." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997); *see* 28 U.S.C. § 1441(a); *Grace Ranch, L.L.C. v. BP Am. Prod. Co.*, 989 F.3d 301, 307 (5th Cir. 2021); *Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 295 (5th Cir. 2019); *Allen v. Walmart Stores, L.L.C.*, 907

F.3d 170, 183 (5th Cir. 2018). Because removal raises significant federalism concerns, the removal statutes are strictly and narrowly construed, with any doubt resolved against removal and in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Palmquist v. Hain Celestial Grp., Inc.*, 103 F.4th 294, 301 (5th Cir. 2024) (citing *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007)); *Pace v. Cirrus Design Corp.*, 93 F.4th 879, 889 (5th Cir. 2024); *Valencia v. Allstate Tex. Lloyd's*, 976 F.3d 593, 595 (5th Cir. 2020). In short, any "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014) (quoting *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)); *accord Allen*, 907 F.3d at 183; *Afr. Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014).

B. Diversity Jurisdiction

Federal courts have subject matter jurisdiction and are authorized to entertain causes of action only where a question of federal law is involved or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332; *Home Depot U.S.A., Inc.*, 587 U.S. at 437-38; *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). In order to determine whether jurisdiction exists in a removed action, the court considers the claims set forth in the operative pleading. *Royal Canin U.S.A., Inc.*, 604 U.S. 22 at 35; *Majestic Synthetic Oil, LLC v. Certain Underwriters at Lloyd's, Lond.*, No. 4:19-CV-03149, 2025 WL 1994776, at *1 (S.D. Tex. July 17, 2025); *Nash v. ABC Ins., Inc.*, No. CV 5:24-01178, 2025 WL 1086049, at *4

(W.D. La. Mar. 25, 2025). In removed cases where, as here, there is no suggestion that a federal question is involved, subject matter jurisdiction exists only if there is complete diversity among the parties and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332; *Lincoln Prop. Co.*, 546 U.S. at 89; *Exxon Mobil Corp.*, 545 U.S. at 552; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *see Palmquist*, 103 F.4th at 308 (citing *McKee v. Kan. City S. Ry. Co.*, 358 F.3d 329, 336-37 (5th Cir. 2004)).

Complete diversity requires that no plaintiff be a citizen of the same state as any defendant. *Exxon Mobil Corp.*, 545 U.S. at 552; *Lewis*, 519 U.S. at 68; *Moss*, 913 F.3d at 514; *Vaillancourt v. PNC Bank Nat'l Ass'n*, 771 F.3d 843, 847 (5th Cir. 2014). Additionally, removal is appropriate only if none of the parties properly joined and served as a defendant is a citizen of the state in which the action was brought. *Pace*, 93 F.4th at 889 (quoting *Lincoln Prop. Co.*, 546 U.S. at 84); *Afr. Methodist Episcopal Church*, 756 F.3d at 793. In the case at bar, it is undisputed that Plaintiffs have met the amount in controversy requirement for removal. Therefore, the court need only determine whether there exists complete diversity.

C. Improper Joinder

In the present case, the parties agree that diversity is lacking between Plaintiffs and the Individual Defendants, as they are all citizens of the State of Texas. Therefore, to establish the existence of diversity jurisdiction, Sun Coast and RelaDyne must demonstrate that the Individual Defendants were improperly joined to this action. *See Miciotto v. Hobby Lobby Stores, Inc.*, No. 21-30456, 2022 WL 3210686, at *2 (5th Cir. Aug. 9, 2022) (citing *Hicks v. Martinrea Auto. Structures (USA), Inc.*, 12 F.4th 511, 514-15 (5th Cir. 2021)); *see also Hain Celestial Grp., Inc.*

*v. Palmquist*, 607 U.S. 421, 425-26 (2026); *Afr. Methodist Episcopal Church*, 756 F.3d at 793; *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013).

In determining whether a defendant was improperly joined, the "focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Ticer v. Imperium Ins. Co.*, 20 F.4th 1040, 1045 (5th Cir. 2021) (quoting *Hicks,* 12 F.4th at 514-15); *accord Van Tiem v. First Am. Title Co.*, No. 20-40707, 2021 WL 4537689, at *3 (5th Cir. Oct. 4, 2021) (quoting *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)); *Int'l Energy Ventures Mgmt., L.L.C., v. United Energy Grp., Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016). The removing party bears the heavy burden of proving that a non-diverse defendant has been fraudulently joined to defeat diversity, either by showing (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Pace*, 93 F.4th at 889 (quoting *Smallwood*, 385 F.3d at 573); *D & J Invs. of Cenla, L.L.C. v. Baker Hughes a G E Co., L.L.C.*, 52 F.4th 187, 195 (5th Cir. 2022); *Ticer*, 20 F.4th at 1045; *Van Tiem*, No. 20-40707, 2021 WL 4537689 at *3 (quoting *Smallwood,* 385 F.3d at 573 (5th Cir. 2004)); *Waste Mgmt. v. AIG Specialty Ins. Co.*, 974 F.3d 528, 533 (5th Cir. 2020). There is no difference between the terms "improper joinder" and "fraudulent joinder" in the context of removal jurisdiction. *See Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 292 n.1 (5th Cir. 2019) (quoting *Smallwood*, 385 F.3d at 571 n.1).

Defendants do not claim actual fraud in Plaintiffs' recitation of the jurisdictional facts. Instead, they assert that there is no reasonable possibility that Plaintiffs could establish a cause of action against the Individual Defendants in state court. *Mumfrey*, 719 F.3d at 403 (requiring the removing party to demonstrate that there is no reasonable possibility of recovery); *Do v. GW*

*Trucking Inc.*, No. 1:23-CV-0007-MJT, 2024 WL 604715, at *4 (E.D. Tex. Jan. 24, 2024). In other words, the court should find improper joinder if "there is no *reasonable* basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Alviar v. Lillard*, 854 F.3d 286, 289 (5th Cir. 2017) (emphasis added) (quoting *Smallwood*, 385 F.3d at 573 (rejecting all other phrasings)); *see Jack v. Evonik Corp.*, 79 F.4th 547, 556 (5th Cir. 2023); *Hicks*, 12 F.4th at 515; *Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d at 205; *Mumfrey*, 719 F.3d at 401. "[A] mere theoretical possibility of recovery under local law will not preclude a finding of improper joinder." *Gonzales v. Bank of Am.*, 574 F. App'x 441, 443 (5th Cir. 2014) (quoting *Smallwood*, 385 F.3d at 573 n.9); *see Silva v. SM3 Logistics Express, SA de CV*, No. 5:23-CV-00034, 2024 WL 1902756, at *3 (S.D. Tex. Mar. 31, 2024). Nevertheless, "[i]f there is 'arguably a reasonable basis for predicting that the state law might impose liability on the facts involved,' then there is no [improper] joinder," and the case must be remanded for lack of diversity. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286 (5th Cir. 2001)); *see Smallwood*, 385 F.3d at 573-74; *Kirby v. State Farm Lloyds'*, 663 F. Supp. 3d 656, 663 (N.D. Tex. 2023).

In assessing whether a plaintiff could establish a claim against a non-diverse defendant, the court must apply the law of the state in which the action was brought. In this case, Texas supplies the applicable law. *See Palmquist*, 103 F.4th at 306 ("[F]ederal courts sitting in diversity apply state substantive law." (quoting *Shady Grove Orthopedic Ass'n v. Allstate Ins. Co.*, 559 U.S. 393, 437 (2010))); *Travis v. Irby*, 326 F.3d 644, 647 (2003); *Hart v. Bayer Corp.*, 199 F.3d 239, 247 (5th Cir. 2000). "[W]hether the plaintiff has stated a valid state law cause of action depends upon

and is tied to the factual fit between the plaintiff['s] allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999); *see Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995); *Speiser v. AmGUARD Ins. Co.*, No. CV H-22-1595, 2022 WL 3349312, at *3 (S.D. Tex. Aug. 12, 2022). The United States Court of Appeals for the Fifth Circuit has held that "[a] federal court must apply the federal pleading standard" when determining whether a plaintiff has a reasonable basis for recovery under state law. *Int'l Energy Ventures Mgmt., L.L.C,,* 818 F.3d at 208; *see Waste Mgmt., Inc.*, 974 F.3d at 533. Accordingly, the court must conduct a Rule 12(b)(6) analysis. *Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d at 207-08; *accord Hicks*, 12 F.4th at 515; *Waste Mgmt., Inc.*, 974 F.3d at 533. Specifically, the court must consider whether the plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face" against the in-state defendant. *Hicks*, 12 F.4th at 515 (quoting *Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d at 208); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Waste Mgmt., Inc.*, 974 F.3d at 533. If the plaintiff's claim does not survive the Rule 12(b)(6) inquiry, the court must dismiss that party without prejudice as being improperly joined to defeat diversity jurisdiction. *Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d at 209; *see Probasco v. Wal-Mart Stores Tex., L.L.C.*, 766 F. App'x 34, 36 (5th Cir. 2019); *Alviar*, 854 F.3d at 291.

Under Rule 12(b)(6), "the plaintiff's complaint [must] be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *see Hamilton v. DeJoy*, No. 1:23-cv-01045, 2024 WL 3540474, at *2 (W.D. Tex. July 16, 2024). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555;

*accord King v. Baylor Univ.*, 46 F.4th 344, 355 (5th Cir. 2022); *Davis v. Tex. Health & Hum. Servs. Comm'n*, 761 F. App'x 451, 454 (5th Cir. 2019); *Lee v. Verizon Commc'ns, Inc.*, 837 F.3d 523, 533 (5th Cir. 2016). "Where the well-pleaded facts of a complaint do not permit a court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 734 (5th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Hence, "a complaint's allegations 'must make relief plausible, not merely conceivable, when taken as true.'" *Id.* (quoting *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 (5th Cir. 2009)); *see Hicks*, 12 F.4th at 515; *Longoria ex rel. M.L. v. San Benito Indep. Consol. Sch. Dist.*, 942 F.3d 258, 263 (5th Cir. 2019) ("Though the complaint need not contain 'detailed factual allegations,' it must contain sufficient factual material to 'allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" (quoting *Iqbal*, 556 U.S. at 678)).

In conducting a Rule 12(b)(6) analysis, the court must also consider Federal Rule of Civil Procedure 8(a). *Twombly*, 550 U.S. at 555. Accordingly, a district court should not dismiss a complaint for failure to state a claim unless a plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *accord King*, 46 F.4th at 355; *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Am. Precision Ammunition, L.L.C. v. City of Mineral Wells*, 90 F.4th 820, 824 (5th Cir. 2024) (quoting *Bell v. Eagle Mountain Saginaw Indep. Sch. Dist.*, 27 F.4th 313, 320 (5th Cir. 2022)); *Coleman v. Sweetin*, 745 F.3d 756, 763 (5th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "Essentially, 'the complaint must contain either direct allegations on

every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial.'" *Retana v. Twitter, Inc.*, 419 F. Supp. 3d 989, 993 (N.D. Tex. 2019) (quoting *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995)). "Plausibility is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *King*, 46 F.4th at 356 (quoting *Iqbal*, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Moreover, where the defendant maintains that federal jurisdiction is proper, the court must evaluate all of the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff. *See Palmquist*, 103 F.4th at 304 (citing *In re S. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008)); *Pace*, 93 F.4th at 889; *D & J Invs. of Cenla, L.L.C.*, 52 F.4th at 195. The court must then examine relevant state law and resolve all uncertainties in favor of the nonremoving parties. *See Palmquist*, 103 F.4th at 304 (citing *In re S. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008)); *Pace*, 93 F.4th at 889; *D & J Invs. of Cenla, L.L.C.*, 52 F.4th at 195. Furthermore, the "court must normally assume all the facts as set forth by the plaintiff to be true." *Burden*, 60 F.3d at 217 (quoting *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983)); *accord D & J Invs. of Cenla, L.L.C.*, 52 F.4th at 195 (holding that when evaluating whether a defendant is properly joined, the court "resolve[s] any contested issues of material fact, and any ambiguity or uncertainty in the controlling state law, in [the plaintiff's] favor" (quoting *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007))). The court need not determine whether the plaintiff will "actually or

even probably prevail on the merits of the claim." *Ticer*, 20 F.4th at 1049 n.39 (quoting *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308-09 (5th Cir. 2005)). Rather, the court looks for a reasonable possibility that the plaintiff might do so. *Id.*; *Tubbs v. Swift Transp. Servs., LLC*, 700 F.Supp. 3d 573, 577 (S.D. Tex. 2023). Accordingly, the court must determine whether Plaintiffs sufficiently state a claim against any of the Individual Defendants in their Original Petition.

1. Contractual Claims

Plaintiffs' Original Petition alleges breach of contract and related claims of quantum meruit and sworn account against Defendants. Generally, when an agent acting with actual or apparent authority makes a contract with a third party on behalf of a disclosed principal, the agent is not liable on the contract unless the parties agree otherwise. RESTATEMENT (THIRD) OF AGENCY § 7.01. Plaintiffs appear to concede this fact in their Motion to Remand, as they do not raise or discuss the contractual claims that were initially asserted against all Defendants. Therefore, the court need not consider these claims further.

2. Tortious Interference

Plaintiffs allege tortious interference in the Original Petition, but not in their Motion to Remand. Regardless, Plaintiffs do not state a claim for tortious interference. Texas courts recognize actions for tortious interference against a third party—*i.e.*, a stranger to the contract—who wrongfully interferes with both existing and prospective contracts. *See El Paso Healthcare Sys., Ltd. v. Murphy*, 518 S.W.3d 412, 421 (Tex. 2017) (citing *Prudential Ins. Co. of Am. v. Fin. Rev. Servs., Inc.*, 29 S.W.3d 74, 78 (Tex. 2000)). "Tortious interference with a prospective business relationship requires a finding that the defendant engaged in independently tortious or unlawful conduct; interference with an existing contract does not." *Id.* (citing

*Wal-Mart Stores, Inc. v. Sturges*, 52 S.W.3d 711, 727 (Tex. 2001)). Under Texas law, to establish a claim for tortious interference with contract, the plaintiff must prove:

(1) the existence of a contract subject to interference;

(2) willful and intentional interference;

(3) proximate cause; and

(4) actual damage or loss.

*Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 588 (Tex. 2017) (citing *ACS Invs., Inc. v. McLaughlin*, 943 S.W.2d 426, 430 (Tex. 1997)); *accord Alviar*, 854 F.at 289; *Denson v. BeavEx, Inc.*, 612 F. App'x 754, 756 (5th Cir. 2015).

To establish a claim for tortious interference with prospective relations, however, the plaintiff must prove that:

(1) there was a reasonable probability that the plaintiff would have entered into a business relationship with a third party;

(2) the defendant either acted with a conscious desire to prevent the relationship from occurring or knew the interference was certain or substantially certain to occur as a result of the conduct;

(3) the defendant's conduct was independently tortious or unlawful;

(4) the interference proximately caused the plaintiff injury; and

(5) the plaintiff suffered actual damage or loss as a result.

*D'Onofrio v. Vacation Publ'ns, Inc.*, 888 F.3d 197, 214 (5th Cir. 2018) (quoting *Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 923 (Tex. 2013)); *Sturges*, 52 S.W.3d at 726. The plaintiff must show that the defendant's conduct was either independently tortious or unlawful, that is, that the conduct violated some other recognized tort duty. *El Paso Healthcare Sys., Ltd.*, 518 S.W.3d at 421 (citing *Sturges*, 52 S.W.3d at 727). Furthermore, as in any other tort action,

"there must be a causal link between the conduct complained of and the resulting damages." *Tex. Com. Bus. Sys., Inc. v. FCC*, 898 F.2d 460, 462 (5th Cir. 1990); *Diesel Injection Sales & Servs., Inc. v. Renfro*, 656 S.W.2d 568, 573 (Tex. App.—Corpus Christi 1983, writ ref'd n.r.e.).

Alternatively, "[i]nterference with a business relationship is similar to the tort of contract interference." *Winston v. Am. Med. Int'l, Inc.*, 930 S.W.2d 945, 953 (Tex. App.—Houston [1st Dist.] 1996, writ denied); *see Am. Med. Int'l, Inc. v. Giurintano*, 821 S.W.2d 331, 335 (Tex. App.—Houston [14th Dist.] 1991, no writ). Nevertheless, when attempting to prove an action for tortious interference with a business relationship, whether existing or prospective, "it is unnecessary to prove the existence of a valid contract." *Giurintano*, 821 S.W.2d at 335 (citing *CF&I Steel v. Pete Sublett & Co.*, 623 S.W.2d 709, 715 (Tex. Civ. App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.)). Instead, to recover on a cause of action for tortious interference with a business relationship, the plaintiff must show:

(1) unlawful actions taken without a legal right or justifiable excuse;

(2) intent to harm a party to the relationship; and

(3) actual harm or damage.

*See Winston*, 930 S.W.2d at 953 (citing *Giurintano*, 821 S.W.2d at 337).

Notably, regardless of whether a plaintiff seeks to establish an existing or prospective tortious interference claim, one requirement remains consistent: the plaintiff must identify a *specific* contract or relationship that was interfered with or harmed. *See Pureshield, Inc. v. Allied Bioscience, Inc.*, No. 4:20-CV-734-SDJ, 2021 WL 4492861, at *5 (E.D. Tex. Sep. 30, 2021) ("[T]he plaintiff must identify a specific business relationship in pleading this intent element of a claim for tortious interference with a prospective business relationship."); *Antero Res. Inc. v.*

*C&R Downhole Drilling, Inc.*, No. 4:16-CV-668-Y, 2021 WL 9969511, at *2 (N.D. Tex. June 8, 2021) ("[Plaintiff] fails to plausibly allege the first element of this cause of action, given that he wholly fails to identify any specific contract or contractual provision with which [defendant] allegedly interfered."); *Funes v. Villatoro*, 352 S.W.3d 200, 213 (Tex. App.—Houston [14th Dist.] 2011, pet. denied). Here, Plaintiffs fail to meet this burden. Specifically, in their Original Petition, Plaintiffs state that they "informed Defendants of their booked schedule and Defendants insisted that the California crash matter be moved to the 'top of the list.'" Plaintiffs accommodated this request . . . [which] caused Plaintiffs to lose, cancel, or delay work for other clients." Additionally, Plaintiffs state that "Defendants['] conduct herein constitutes a tortious interference with existing and prospective business relations. By pulling Plaintiffs away from current and prospective work to attend Defendants' emergency needs, Plaintiffs lost certain business opportunities." Plaintiffs do not identify any specific contract or relationship that was impaired as a result of Defendants' expedited work request. Rather, Plaintiffs make only vague allegations about losing some unidentified opportunities. As a result, Plaintiffs have failed to state a claim for tortious interference.

3. <u>Texas Theft Liability Act</u>

Plaintiffs have not stated a valid claim against the Individual Defendants under the Texas Theft Liability Act ("TTLA"). The TTLA "provides victims of a theft, as defined in various sections of the Texas Penal Code, with a civil action to recover damages, fees, and costs from the thief." *Powers v. Caremark Inc. (In re Powers),* 261 F. App'x 719, 721 (5th Cir. 2008); *see Walterscheid v. Walterscheid*, 557 S.W.3d 245, 263 (Tex. App.—Fort Worth 2018, no pet.). Specifically, the TTLA provides that "a person who commits theft is liable for damages resulting

from the theft." TEX. CIV. PRAC. & REM. CODE § 134.004; *see McCullough v. Scarbrough, Medlin & Assocs., Inc.*, 435 S.W.3d 871, 906 (Tex. App.—Dallas 2014, pet. denied). The TTLA defines "theft" as "unlawfully appropriating property or unlawfully obtaining services as described by . . . Section 31.04" of the Texas Penal Code. TEX. CIV. PRAC. & REM. CODE § 134.002. "A defendant who acts through a corporation may be liable under the [TTLA] regardless of whether the corporate form has been pierced." *Statewide Hydraulics, Inc. v. EZ Mgmt. GP, LLC*, No. 14-13-01049-CV, 2015 WL 167160 at *8 (Tex. App.—Houston [14th Dist.] Jan. 13, 2015, no pet.).

According to Section 31.04(a) of the Texas Penal Code, a person commits theft of service if, with intent to avoid payment for service that the actor knows is provided only for compensation:

> (1) the actor intentionally or knowingly secures performance of the service by deception, threat, or false token;
>
> (2) having control over the disposition of services of another to which the actor is not entitled, the actor intentionally or knowingly diverts the other's services to the actor's own benefit or to the benefit of another not entitled to the services;
>
> (3) having control of personal property under a written rental agreement, the actor holds the property beyond the expiration of the rental period without the effective consent of the owner of the property, thereby depriving the owner of the property of its use in further rentals; or
>
> (4) the actor intentionally or knowingly secures the performance of the service by agreeing to provide compensation and, after the service is rendered, fails to make full payment after receiving notice demanding payment.

TEX. PENAL CODE § 31.04(a).

In the present case, Plaintiffs have failed to allege facts sufficient to demonstrate that any of the Individual Defendants acted with the requisite intent when securing Plaintiffs' services. As

noted above, a threshold requirement for establishing liability for theft of services is that the person must have acted "with intent to avoid payment." *Id.* Section 31.04(b)(2) provides that "intent to avoid payment is presumed if . . . the actor failed to make payment under a service agreement within 10 days after receiving notice demanding payment." TEX. PENAL CODE § 31.04(b)(2). Notice, for purposes of Section 31.04(b)(2), must be:

> (1) in writing;
>
> (2) sent by:
>
> > (A) registered or certified mail with return receipt requested; or
> >
> > (B) commercial delivery service; and
>
> (3) sent to the actor using the mailing address shown on . . . the records of the person whose service was secured.

TEX. PENAL CODE § 31.04(c).

A plaintiff, in order to be entitled to the benefit of the presumption of intent contained in Section 31.04(b)(2), must allege facts demonstrating that it is entitled to the application of that presumption. *Caris MPI, Inc. v. UnitedHealthcare, Inc.*, No. 3:21-CV-3101-X, 2025 WL 888498, at *4 (N.D. Tex. Mar. 21, 2025) (refusing to apply the presumption contained in Section 31.04(b)(2) where the plaintiff alleged only that the defendant secured performance by agreeing to pay, accepted the services, and then refused to pay after receiving notice of payment due). In alleging their TTLA claim, Plaintiffs state only that "Plaintiffs provided services and work product to Defendants for which Defendants were aware that Plaintiffs expected to be paid. Despite same, Defendants refused, and [have] continued to refuse, to pay Plaintiffs for the provided services and work product." Additionally, in a different section of the Original Petition, Plaintiffs allege that "Defendants refused, and continue to refuse to pay the monies owed

Plaintiffs. Plaintiffs have made multiple, and repeated requests that [their] invoice be paid." As a preliminary matter, a generic statement of non-payment is insufficient to warrant application of the presumption. *Id.* Furthermore, there is nothing in the Original Petition that suggests Plaintiffs complied with the notice requirements contained in Section 31.04(c). Accordingly, under the facts alleged, Plaintiffs are not entitled to the application of the presumption contained in Section 31.04(b)(2).

Furthermore, Plaintiffs do not allege any facts that would support the existence of the requisite intent absent the presumption. Plaintiffs fail to state even conclusorily that Defendants initially secured Plaintiffs' performance with the intent to avoid payment. Additionally, there are no facts that would support such an inference. In fact, Plaintiffs note in their petition that they had prior dealings with Defendants, wherein they had received payment at their usual and customary rate. Additionally, Plaintiffs allege that they have received partial payment from Defendants for the work that is the subject of this action. Hence, the prior course of dealing and Defendants' partial payment suggest that Defendants, especially the Individual Defendants, did not enter the agreement with a nefarious intent. Therefore, Plaintiffs have failed to state a claim against the Individual Defendants under the TTLA, as they have not alleged facts sufficient to demonstrate that they secured Plaintiffs' performance with the intent to avoid payment.

4. Malice

TCS also asserts a claim for malice, stating that "Defendants['] acts and omissions made the basis of this lawsuit were committed with malice." In order to establish "malice" under Texas law, the plaintiff must demonstrate that the defendants acted with "a specific intent . . . to cause substantial injury or harm to the [plaintiff.]" TEX. CIV. PRAC. & REM. CODE § 41.001(7). As

noted above, Plaintiffs fail to provide any factual allegations to substantiate their claims. Plaintiffs do not identify any actions on behalf of the Individual Defendants that were taken with the requisite intent, nor do they identify the substantial harm they intended to cause. Thus, Plaintiffs have failed to state a claim for malice against the Individual Defendants.

5. Fraud

Alternatively, Plaintiffs maintain that the Individual Defendants are properly joined, as they have stated a claim for fraud against the Individual Defendants. In Texas, common law fraud may consist of an affirmative misrepresentation or, in certain circumstances, the concealment or non-disclosure of a material fact. To recover for fraud through affirmative misrepresentation, the plaintiff must establish that:

(1) the defendant made a material representation concerning an existing fact;

(2) the representation was false when it was made;

(3) the speaker knew the misrepresentation was false, or made it recklessly without knowledge of its truth and as a positive assertion;

(4) the speaker made the misrepresentation with the intent that it should be acted upon;

(5) the plaintiff acted with justifiable reliance on the misrepresentation; and

(6) the plaintiff suffered injury as a result.

*Wesdem, L.L.C. v. Ill. Tool Works, Inc.*, 70 F.4th 285, 291 (5th Cir. 2023); *CBE Grp., Inc. v. Lexington L. Firm*, 993 F.3d 346, 350 (5th Cir. 2021) (quoting *JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*, 546 S.W.3d 648, 653 (Tex. 2018)); *D'Onofrio*, 888 F.3d at 218; *see Barrow-Shaver Res. Co. v. Carrizo Oil & Gas, Inc.*, 590 S.W.3d 471, 496 (Tex. 2019); *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 337 (Tex. 2011). "Fraud

is never presumed, and it is plaintiff's burden to allege and prove actionable fraud." *William B. Roberts, Inc. v. McDrilling Co.*, 579 S.W.2d 335, 339 (Tex. Civ. App.—Corpus Christi 1979, no writ); *accord Priddy v. Rawson*, 282 S.W.3d 588, 598 (Tex. App.—Houston [14th Dist.] 2009, pet. denied). Under Texas law, a corporate employee may be held individually liable for tortious or fraudulent acts that they direct or in which they personally participate during their employment. *Keyes v. Weller*, 692 S.W.3d 274, 281-82 (Tex. 2024); *Transcor Astra Grp. S.A. v. Petrobras Am. Inc.*, 650 S.W.3d 462, 478 (Tex. 2022); *Leyendecker & Assocs., Inc. v. Wechter*, 683 S.W.2d 369, 375 (Tex. 1984).

In order to succeed on a fraud claim, Plaintiffs' pleadings must satisfy the federal pleading standards of Rule 9(b) of the Federal Rules of Civil Procedure. *See Pace*, 93 F.4th at 889 (5th Cir. 2024); *Port of Corpus Christi Auth. v. Sherwin Alumina Co., L.L.C. (In re Sherwin Alumina Co., L.L.C.)*, 952 F.3d 229, 235 (5th Cir. 2020). Rule 9(b) provides that in order to state a claim for fraud in federal court, the plaintiff must state with particularity the circumstances constituting the fraud. *See* FED. R. CIV. P. 9(b); *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 319 (2007); *Pace*, 93 F.4th at 889-90; *Stringer v. Remington Arms Co., L.L.C.*, 52 F.4th 660, 661 (5th Cir. 2022); *In re Sherwin Alumina Co., L.L.C.*, 952 F.3d at 235; *Mun. Emps.' Ret. Sys. of Mich. v. Pier 1 Imps., Inc.*, 935 F.3d 424, 429 (5th Cir. 2019). Specifically, Rule 9(b) states:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

FED. R. CIV. P. 9(b); *see Tellabs, Inc.*, 551 U.S. at 319; *Pace*, 93 F.4th at 889; *In re Sherwin Alumina Co., L.L.C.*, 952 F.3d at 235; *Mun. Emps.' Ret. Sys. of Mich.*, 935 F.3d at 429; *IAS Servs. Grp., L.L.C. v. Jim Buckley & Assocs., Inc.*, 900 F.3d 640, 647 (5th Cir. 2018).

Therefore, Rule 9(b) imposes a heightened standard of pleading for averments of fraud. *See* FED. R. CIV. P. 8(a), 9(b); *Pace*, 93 F.4th at 889; *In re Sherwin Alumina Co., L.L.C.*, 952 F.3d at 235; *Mun. Emps.' Ret. Sys. of Mich.*, 935 F.3d at 429. A party must plead, at the minimum, the "who, what, when, where, and how of the alleged fraud." *In re Sherwin Alumina Co., L.L.C.*, 952 F.3d at 235; *accord Arruda v. Curves Int'l, Inc.*, 861 F. App'x 831, 834 (5th Cir. 2021); *United States ex rel. Colquitt v. Abbott Lab'ys.*, 858 F.3d 365, 371 (5th Cir. 2017).

Plaintiffs do not meet the heightened pleading requirements of Rule 9(b). In their Original Petition, Plaintiffs do not identify any specific statements that were fraudulently made, the speaker of any such statements, or the dates on which the statements were made. Rather, Plaintiffs generically aver that they were hired to perform a service during a meeting in which at least two of the Individual Defendants were present and then they were not paid for the performance of that service. The only time Plaintiffs even reference Defendants' alleged fraud is when they state "Plaintiffs would show Defendants committed fraud, inducing Plaintiffs to perform work and services for Defendants with the promise of payment. Plaintiff[s] relied on those inducements to their detriment; indeed, Defendants' promise of payment [was] false, reckless and designed to induce Plaintiffs to perform the work and services requested." *See Am. Realty Tr., Inc. v. Hamilton Lane Advisors, Inc.*, 115 F. App'x 662, 668 (5th Cir. 2004) ("[A]lleging that a defendant made false statements during 'negotiations leading up to' an event for the purpose of inducing someone to enter into a contract with him—without any additional factual support—does not allege the particular time and place of the false representations, nor does it set forth any 'specific facts' to support the inference of fraud."); *United States ex rel. Doe v. Dow Chem. Co.*,

343 F.3d 325, 329 (5th Cir. 2003). Therefore, Plaintiffs have not stated a claim for fraud against the Individual Defendants.

6. Deceptive Trade Practices Act

The DTPA provides: "False, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful . . ." TEX. BUS. & COM. CODE § 17.46(a). To prevail in a DTPA action, it must be shown that:

1. the plaintiff is a consumer;
2. the defendant engaged in false, misleading, or deceptive acts; and
3. these acts constituted a producing cause, which in a natural sequence, produced the plaintiff's injuries or damages.

*Doe v. Boys Clubs of Greater Dall., Inc.*, 907 S.W.2d 472, 478 (Tex. 1995); *El Pescador Church, Inc. v. Ferrero*, 594 S.W.3d 645, 660 (Tex. App.—El Paso Nov. 25, 2019, no pet.); *accord Medina v. Parkside Lending LLC*, No. A-19-CV-109-RP, 2020 WL 4274587, at *3 (W.D. Tex. July 23, 2020), *adopted by* No. 1:19-CV-109-RP, 2020 WL 7674479 (W.D. Tex. Nov. 17, 2020); *Dilick v. Price Pfister, Inc.*, No. 3:18-CV-00400, 2020 WL 4677688, at *7 (S.D. Tex. June 8, 2020). Pursuant to the statute, in order to be actionable under the DTPA, the "false, misleading, or deceptive act or practice" must be at least one of the thirty-four actions "specifically enumerated in a subdivision of Subsection (b) of Section 17.46" and "relied on by the consumer to the consumer's detriment." TEX. BUS. & COM. CODE § 17.50(a).

Many courts state that, as with fraud, "[c]laims alleging violations of the DTPA are subject to the requirements of Rule 9(b)." *Patel v. Holiday Hosp. Franchising, Inc.*, 172 F. Supp. 2d 821, 825 (N.D. Tex. 2001); *see, e.g.*, *Lester v. Unitrin Safeguard Ins. Co.*, No. 4:20-CV-404-A,

2020 WL 4583839, at *3 (N.D. Tex. Aug. 10, 2020) (stating that courts "routinely apply Rule 9(b)'s heightened pleading standard" to claims alleging violations of the DTPA); *Lopez v. United Prop. & Cas. Ins. Co.*, 197 F. Supp. 3d 944, 951 (S.D. Tex. 2016) ("In federal court, claims under the [DTPA] are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b)."); *Berry v. Indianapolis Life Ins. Co.*, 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009) (dismissing plaintiff's DTPA claims for failing to comply with Rule 9(b)). Rule 9(b) applies when the case relies on the "same set of facts that support a fraud claim." *Bauer v. AGCO Corp.*, 770 F.Supp.3d 957, 964 (W.D. Tex. 2025); *see, e.g.*, *Robinson v. Bank of Am., N.A.*, No. SA-25-CV-00381-JKP, 2026 WL 1195528, at *3 (W.D. Tex. Apr. 29, 2026); *Siantou v. Safeco Ins. Co. of Am.*, No. 5:24-CV-00721-OLG-RBF, 2026 WL 834719, at *9 (W.D. Tex. Feb. 23, 2026), *adopted by* No. SA-24-CV-721-OLG, 2026 WL 826612 (W.D. Tex. Mar. 24, 2026). Because Plaintiffs use the same underlying facts to establish both their fraud and DTPA claims, Rule 9(b)'s heightened pleading standard applies here.

Similar to the deficiencies present in Plaintiffs' pleading of fraud, Plaintiffs fail to identify or allege, with any specificity, the conduct undertaken by the Individual Defendants that was purportedly "false, misleading or deceptive." TEX. BUS. & COM. CODE § 17.46(a). Plaintiffs merely state that Defendants, which includes the Individual Defendants, "engaged in false, misleading or deceptive acts or practices as well as unconscionable acts all which were relied upon by Plaintiffs to their detriment. These violations of this Act were, among other things, committed knowingly." Plaintiffs do not, however, allege any facts regarding who specifically committed these false acts, identifying what the false acts were, or when the false acts were committed. Accordingly, Plaintiffs' allegations fall well below the requisite specificity required by Rule 9(b).

Therefore, Plaintiffs have failed to state a claim against the Individual Defendants under the DTPA.

Because Defendants have not stated any actionable claims against the Individual Defendants, the court is of the opinion that the Individual Defendants were improperly joined to defeat diversity jurisdiction. Accordingly, the Individual Defendants must be dismissed without prejudice as defendants in this case.

III. Conclusion

An evaluation of the relevant facts and controlling law reveals that this court has subject matter jurisdiction over this action. Although no federal question is presented, complete diversity of citizenship exists between the parties, as the in-state defendants were improperly joined, and the amount in controversy exceeds $75,000.00. Therefore, this case was properly removed, and remand is not warranted. Accordingly, Plaintiffs' Corrected Motion to Remand (#9) is DENIED.

SIGNED at Beaumont, Texas, this 4th day of August, 2026.

Marcia A. Crone

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE