**UNITED STATES DISTRICT COURT** **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| TCS CONSULTING and MICHAEL DEPEW, | § | |
| Plaintiffs, | § | |
| *versus* | § | CIVIL ACTION NO. 1:25-CV-442 |
| RELADYNE, LLC, SUN COAST RESOURCES, LLC, AARON SCHEFFLER, MANNI ARAGON, JASON HANKE, and ADAM STARR, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendants RelaDyne, LLC ("RelaDyne"), Sun Coast Resources, LLC ("Sun Coast"), Aaron Scheffler, Manni Aragon, Jason Hanke, and Adam Starr's (collectively "Defendants") Motion to Compel (#22) and Defendants' Request for Order or, Alternatively, a Hearing on Defendants' Motion to Compel (#25). Having reviewed the pending motion and request, the court is of the opinion that the motion (#22) should be denied subject to reassertion following compliance with the Local Rules and that the request (#25) should be denied as moot.

### I. Background

This cases arises out of a contract between TCS Consulting, RelaDyne, and Sun Coast. On July 31, 2025, Plaintiffs TCS Consulting and Michael Depew (collectively "Plaintiffs") filed their Original Petition (#4) in the 136th District Court of Jefferson County, Texas. RelaDyne removed the case to federal court on September 2, 2025.

On December 4, 2025, the parties convened in chambers for a scheduling conference and agreed to a Scheduling Order. On April 10, 2026, both parties were admonished at a subsequent status conference, conducted via telephone, for repeated failures to respond to email correspondence from court staff, failure to comply with the discovery deadline, and failure to comply with other deadlines imposed by the Scheduling Order (#15). The parties filed a Joint Status Report (#19) on April 16, 2026, and later filed a Supplemental Status Report (#20) on April 17, 2026. The court entered an Amended Scheduling Order (#21) on May 8, 2026, which specified that discovery is to be completed by October 16, 2026. Defendants filed the pending Motion to Compel (#22) on July 7, 2026, and the pending Request for Order or, Alternatively, a Hearing on Defendants' Motion to Compel (#25) on August 12, 2026.

II. Analysis

It is well established that "district courts have considerable latitude in applying their own rules." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1488 (5th Cir. 1990); *accord Webb v. Morella*, 457 F. App'x 448, 452 (5th Cir. 2012) (recognizing the district court's broad "discretionary authority to formulate and enforce local rules"). "[A] district court's decision whether to apply [a local rule] strictly or to overlook any transgressions is one left to the district court's discretion." *Stanciel v. Gramley,* 267 F.3d 575, 579 (7th Cir. 2001) (citing *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995)).

A. Motion to Compel

Defendants have failed to satisfy both the substantive and procedural components of the "Meet and Confer" Requirement of the Local Rules. *See* LOCAL RULE CV-7(h). Local Rule CV-7(h) "has two components, a substantive and a procedural component." *Id.* "In any

discovery-related motion, the substantive component requires, at a minimum, a personal conference, by telephone or in person, between the lead attorney and any local counsel for the movant and the lead attorney and any local counsel for the non-movant." *Id.*

Local Rule CV-7(h) further specifies:

> In the personal conference, the participants must give each other the opportunity to express his or her views concerning the disputes. The participants must also compare views and have a discussion in an attempt to resolve their differing views before coming to court. Such discussion requires a sincere effort in which the participants present the merits of their respective positions and meaningfully assess the relative strengths of each position.
>
> In discovery-related matters, the discussion shall consider, among other things: (1) whether and to what extent the requested material would be admissible in a trial or is reasonably calculated to lead to the discovery of admissible evidence; (2) the burden and costs imposed on the responding party; (3) the possibility of cost-shifting or sharing; and (4) the expectations of the court in ensuring that parties fully cooperate in discovery of relevant information.
>
> Except as otherwise provided by this rule, a request for court intervention is not appropriate until the participants have met and conferred, in good faith, and concluded, in good faith, that the discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve. Good faith requires honesty in one's purpose to discuss meaningfully the dispute, freedom from intention to defraud or abuse the discovery process and faithfulness to one's obligation to secure information without court intervention. For opposed motions, correspondence, e-mails, and facsimile transmissions do not constitute compliance with the substantive component and are not evidence of good faith. Such materials, however, may be used to show bad faith of the author.

*Id.*

Here, the parties did not engage in a personal conference, by telephone or in person, between the lead counsel for Plaintiffs and Defendants. The appended exhibits to the Motion to Compel demonstrate a range of communications and attempted communications between the parties. Defendants primarily rely on a May 18th email that transmitted a copy of the Motion to Compel to Plaintiffs' counsel. Yet, such communication was not a sufficient attempt to confer via

a telephone or in person conference. Further, Exhibit H reflects that Defendants were later unable to return an attempted call from Plaintiffs' counsel. Importantly, attempts to confer by telephone with Plaintiffs' lead attorney, Paul "Chip" Franklin Ferguson, Jr., were limited. While this is a close call, the court finds that the documented conduct of the parties does not conform with the spirit of the Meet and Confer Requirement or the substantive requirements of Local Rule CV-7(h).

Additionally, Local Rule CV-7(i) requires that "all motions must be accompanied by a 'certificate of conference' at the end of the motion . . . . The certificate must state: (1) that counsel has complied with the meet and confer requirement . . . ; and (2) whether the motion is opposed or unopposed." LOCAL RULE CV-7(i).

Local Rule CV-7(i) further specifies:

> Opposed motions shall include a statement in the certificate of conference, signed by the movant's attorney, that the personal conference or conferences required by this rule have been conducted or were attempted, the date and manner of such conference(s) or attempts, the names of the participants in the conference(s), an explanation of why no agreement could be reached, and a statement that discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve. . . . In situations involving an unreasonable failure to meet and confer, the movant shall set forth in the certificate of conference the facts believed to constitute bad faith.

*Id.*

Here, Defendants' certificate of conference simply states, in part, that "[o]ver the course of the last several months, Defendants have attempted to confer on the outstanding discovery issues. Most recently, on May 18, 2026, counsel communicated by email, providing a draft of the instant motion to Plaintiffs' counsel, in an effort to resolve this dispute without court intervention. Those efforts were unsuccessful because Plaintiff has failed to provide the requested discovery responses." This certificate of conference does not fully conform to the procedural requirements of Local Rule CV-7(i).

B. Request for Order or Hearing

Because the court is denying the Motion to Compel, the request for an order or hearing is now moot. Further, Standing Order MC-7(a)(4) advises that "[r]equests for oral argument on motions are not necessary. The court administrator will notify counsel if the court determines that oral argument would be beneficial. If oral argument is permitted, counsel may offer evidence and testimony only if leave is obtained from the court in advance." STANDING ORDER MC-7(a)(4).

## III. Conclusion

The parties are reminded that "[t]he court believes that most discovery disputes . . . can be resolved without the court's intervention." *Id.* at (a)(2). Additionally, lawyers "owe[], to opposing counsel, a duty of courtesy and cooperation, the observance of which is necessary for the efficient administration of our system of justice and the respect of the public it serves." LOCAL RULE AT-3(c). "Lawyers will be punctual in communications with others and in honoring scheduled appearances and will recognize that neglect and tardiness are demeaning to the lawyer and to the judicial system." *Id.* at (i).

In order to conserve judicial resources, lead counsel for Plaintiffs and Defendants are ordered to meet and confer on or before Friday, August 28, 2026. Counsel is further ordered to file a joint notice setting forth: (1) the time and location of the conference; (2) the attorneys who participated; (3) the issues the parties were able to resolve; and (4) the issues the parties were unable to resolve. The joint notice is due on or before Monday, August 31, 2026. If the court, after reviewing the notice, determines that additional briefing or a telephone conference is necessary, the court will contact counsel.

Accordingly, Defendants' Motion to Compel (#22) is DENIED subject to reassertion following compliance with the Local Rules and Defendants' Request for Order or, Alternatively, a Hearing on Defendants' Motion to Compel (#25) is DENIED as moot.

SIGNED at Beaumont, Texas, this 14th day of August, 2026.

Marcia A. Crone

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE